United States District Court
Southern District of Texas

**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUSNEY CABRERA GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05888 |
| | § | |
| PAM BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On December 15, 2025, the Court ordered Respondents to notify the Court of any anticipated or planned transfer of Petitioner Yusney Cabrera Gonzalez ("Petitioner") outside the Southern District of Texas at least five (5) days before any such transfer. Doc. #5 at 3. On May 15, 2026, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to file a status report within seventy-two (72) hours, "informing the Court of the status of Petitioner's release." Doc. #12. Then, on May 18, 2026, Respondents informed the Court for the first time that Petitioner's Order of Removal became final on January 22, 2026, and he was removed to Cuba on February 19, 2026. *Id.*

Accordingly, Petitioner's removal from the United States mooted his request for habeas relief. *See Mena v. Barr,* No. 1:20-CV-151, 2020 WL 8093649, at *2 (S.D. Tex. Dec. 14, 2020), *report and recommendation adopted,* 2021 WL 124330 (S.D. Tex. Jan. 13, 2021) ("This District has regularly recognized that a petitioner's claim for habeas relief becomes moot upon his release from ICE custody (by removal or under supervision)."). Because Petitioner was removed from the United States on February 19, 2026, nearly three months before the Court issued its May 15th Order, the Court could no longer grant effective habeas relief. *See Anh Nguyen v. Sessions,* No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) ("Nguyen's petition challenges only his continued detention,

his release from custody leaves nothing for this Court to remedy."). Therefore, the Court concludes that this action became moot before entry of its May 15th Order and vacatur is appropriate.

Importantly, however, Respondents failed to notify the Court of Petitioner's removal as required by the December 15, 2025 Order. Effective judicial oversight of habeas proceedings depends upon timely notice of material changes in a petitioner's custody status. *See Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *4 (S.D. Tex. Dec. 21, 2010) ("The importance of a habeas petitioner's custody status cannot be minimized."). Moreover, Respondents possess near-exclusive access to such information while a petitioner remains in their custody. Although the Court declines to impose sanctions, Respondents are expected to comply with all future notification orders.

For the foregoing reasons, the Court's Order granting the Petition for Writ of Habeas Corpus (Doc. #12) is VACATED. This action is DISMISSED as MOOT. Respondents are DIRECTED to comply with all future notification and reporting requirements regarding petitioners' departures from the United States. The Court will enter a separate final judgment.

It is so ORDERED.

**JUN 0 3 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2